IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01540-WYD-KLM

TIMOTHY J. POWNELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation; and
JAMES T. HUFFMAN, an individual,

    Defendants.

## ORDER

THIS MATTER comes before me on Plaintiff Timothy J. Pownell's Motion for Summary Judgment Against CREDO Petroleum Corporation on His Fifth, Sixth and Seventh Claims for Relief filed November 12, 2009 [d/e 46] and Defendant CREDO Petroleum Corporation's F.R.C.P. 56(f) Motion in Opposition to Timothy J. Pownell's Motion for Summary Judgment Against CREDO Petroleum Corporation on His Fifth, Sixth and Seventh Claims for Relief filed December 7, 2009 [d/e 54]. I have also considered Plaintiff's response to Defendant's motion filed December 22, 2009 [d/e 55]. As set for below, Defendant's motion is granted and Plaintiff's motion is denied with leave to re-file.

Federal Rule of Civil Procedure 56(f) provides as follows:

> When Affidavits Are Unavailable. If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> (1) deny the motion;
>
> (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or
>
> (3) issue any other just order.

FED. R. CIV. P. 56(f). This Court exercises discretion in deciding whether to grant a Rule 56(f) motion. *See Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). A party seeking to defer a ruling on summary judgment under Rule 56(f) must file an affidavit that "explain[s] why facts precluding summary judgment cannot be presented, [which] includes identifying the probable facts not available and what steps have been taken to obtain these facts" and "explain how additional time will enable him to rebut movant's allegations of no genuine issue of fact." *Accord Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732-33 (10th Cir. 2006). Summary judgment should generally not be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Committee for First Amendment*, 962 F.2d at 1521.

At the time of the filing of Defendant's motion, the parties had agreed to postpone the depositions in this case pending the completion of a settlement conference in late November. *See* Def.'s Mot., p. 6. Despite that agreement, Plaintiff went forward with filing the instant motion for summary judgment. Defendant suggests that it needs additional time to obtain facts that will show, *inter alia*, that Plaintiff ceased performing long before CREDO purportedly breached the agreement at issue in this case. *Id.* at p. 9.

While no requirement exists that would mandate deferring summary judgment until discovery is complete, I believe that Defendant has sufficiently demonstrated why facts

precluding Plaintiff's motion have not been presented and what steps have been taken to obtain those facts. *See, e.g.* Def. Ex. I, ¶¶ 5-12. Moreover, the present posture of the case, with a dispositive motions deadline of May 17, 2010, lends itself to a consideration of Plaintiff's re-filed motion following the completion of discovery. Accordingly, it is

ORDERED that Plaintiff Timothy J. Pownell's Motion for Summary Judgment Against CREDO Petroleum Corporation on His Fifth, Sixth and Seventh Claims for Relief filed November 12, 2009 [d/e 46] is **DENIED** with leave to re-file pursuant to FED. R. CIV. P. 56(f)(1) and Defendant CREDO Petroleum Corporation's F.R.C.P. 56(f) Motion in Opposition to Timothy J. Pownell's Motion for Summary Judgment Against CREDO Petroleum Corporation on His Fifth, Sixth and Seventh Claims for Relief filed December 7, 2009 [d/e 54] is **GRANTED** as set forth herein.

Dated this 7th day of April, 2010.

BY THE COURT:

s/ Wiley Y. Daniel  
WILEY Y. DANIEL,  
CHIEF UNITED STATES DISTRICT JUDGE