IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01540-WYD-KLM

TIMOTHY J. POWNELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation, and
JAMES T. HUFFMAN, an individual,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Notice of Requested Documentation in Support of Plaintiff's Motion to Compel Production of Documents** [Docket No. 98; Filed November 23, 2010] (the "Notice"). Plaintiff filed the Notice pursuant to my Order dated November 17, 2010 [Docket No. 96] (the "Order").  The Order was entered regarding Plaintiff's oral Motion to Compel production of all documents from Board meetings of Defendant CREDO Petroleum Corporation ("CREDO") that occurred during the periods January 1 to June 2, 2008 and February 14 to June 30, 2009.  I held a hearing on the Motion to Compel on November 17, 2010, and entered the Order at that time.  The purpose of the Order was to give Plaintiff an opportunity to demonstrate the relevance of the requested documents to Plaintiff's claims, pursuant to Fed. R. Civ. P. 26(b)(1).  In the Order, I directed Plaintiff to file "any evidence relating to the contention that the Board meetings at issue addressed (1) Plaintiff; (2) Defendant Huffman's plan to step down; or

1

(3) CREDO's succession planning." *Order* [#96] at 1. Plaintiff filed excerpts from the depositions of Clarence H. Brown, Oakley Hall, James T. Huffman and H. Leigh Severance in response to the Order. The Court has read the excerpts and is fully advised in the premises.

Defendant James T. Huffman is the former Chief Executive Officer of CREDO. The other deponents' connections to CREDO are not specified by Plaintiff, but for purposes of this Order, I assume that they are current and/or former Board members.

The deposition excerpts provided by Plaintiff provide the following information. Mr. Brown testified that he "think[s]" Mr. Huffman mentioned the possibility of finding a "replacement" at "a" Board meeting "at one point," but was unable to provide any indication of the date of the meeting. *Deposition Excerpts* [Docket No. 98-1] at 6-7. This testimony does not establish relevant discussions during the specified Board meetings of 2008 and 2009.

Mr. Hall testified in 2007 that Mr. Huffman had stated that he "had a desire to retire and a suitable replacement to be found," but added that he would "have to look at the minutes of the board meeting to see" whether the statement was made in that context. *Id.* at 9-10. Mr. Hall further testified that his "sense" is that he first knew that Mr. Pownell was a candidate for a position with CREDO in the summer of 2008, but that he could not be sure of the date without "look[ing] at the board meetings and things." *Id.* at 10-11. When Mr. Hall was asked directly "what discussions had taken place at the board level as of May 20th of 2008 regarding the retention of a new individual to head the organization," he responded as follows: "As I noted to you earlier, Mr. Huffman alerted us, again, in the fall of 2007 that it was his intention to retire. If he retires, somebody has got to come in to

replace him. We had not talked about specific candidates to replace him." *Id.* at 13-14. This testimony does not establish relevant discussions during the specified Board meetings of 2008 and 2009.

Mr. Huffman testified that he had told a business suitor, RCH, and the Board of Directors about his desire to retire, but no dates of such discussions are mentioned during the four pages of deposition testimony about this subject. *Id.* at 21-24. When Mr. Huffman was directly asked whether "there ever [came] a time where you realized that Mr. Pownell was being considered to head CREDO . . . by the Board," he responded as follows: "I would say it was sometime in June or July." *Id.* at 33-34. Even assuming that Mr. Huffman was referring to June or July of 2008, he stated that (1) he did not recall discussing why he sent the Board members Mr. Pownell's resume around May 20th of that year, and (2) he told the Board that he was considering retirement "long before this." *Id.* at 34. Mr. Huffman further testified that the Board initiated the recruitment of Mr. Pownell "probably at Mr. Meyer's suggestion," but there is no reference to a timeframe for these activities, or to any subsequent discussion of them at Board meetings. *Id.* at 33-36. This testimony does not establish relevant discussions during the specified Board meetings of 2008 and 2009.

The following colloquy occurred during the deposition of Mr. Severance:

Q: Moving forward in time, Mr. Severance, from the January board meeting to subsequent board meetings, February and March and onward in 2009, do you recall any discussions with board members regarding Mr. Pownell or the disputes concerning Mr. Pownell's employment? And, again, I don't want to know anything about any discussions you had with counsel or in the presence of counsel.

[Instruction from defense counsel]

A: Are you asking about in board meetings or outside of board meetings?

3

> Q: Well, let's start with in board meetings.
>
> A: My recollection is there were ongoing discussions. I don't remember any particulars.
>
> Q: Do you remember any specifics at all from those ongoing discussions?
>
> A: I do not. My mindset was that this had now become a legal issue, and we would take advice and direction from counsel. . . .
>
> Q: In your mind when was it that you made – reached the conclusion that this was now a legal issue?
>
> A. Well, when it got down the road and the suit was filed.
>
> Q: So there was some time period after Mr. Pownell's resignation prior to suit being filed when you had not yet reached the conclusion that it was a legal issue?
>
> [Objection]
>
> A: No. For me personally it was to get the feedback from those who were advising on what to do with this issue.

*Id.* at 2-4.

At best, this testimony establishes that there were "ongoing" discussions about Mr. Pownell during Board meetings, but the precise subject matter and timeframe of such discussions is utterly unclear. As to the subject matter of such discussions, the Board may have discussed Mr. Pownell generally, or it may have discussed "the disputes concerning Mr. Pownell's employment." As to the timing of such discussions, the complaint in this case was filed on June 30, 2009, which is the last day of the relevant time period set forth in the request for production of documents at issue. *Complaint* [Docket No. 1]. To the extent that Mr. Severance's testimony suggests that the Board discussions about Mr. Pownell occurred after the filing of the Complaint, it does not support the conclusion that the Board meeting minutes from 2008 and prior to June 30, 2009 contain information that is relevant to Mr.

Pownell's claims.

In sum, the only meaningful evidence provided by Plaintiff in support of his request for Board meeting minutes from the first six months of 2008 and mid-February through June of 2009 is that one presumed Board member remembers that the Board had some "ongoing" discussions about Mr. Pownell, which may or may not have occurred after the periods of time at issue. This evidence is a thin thread upon which to base the discovery requests at issue here. Nevertheless, being mindful of the general breadth of discovery and the wide scope of evidence deemed "relevant," I find that Plaintiff has minimally shown the potential relevance of Board meeting minutes from the first six months of 2008 and mid-February through June of 2009, to the extent that such minutes reflect non-attorney-client privileged discussions of Mr. Pownell. *See Simpson v. University of Colorado*, 220 F.R.D. 354, 359 (D. Colo. 2004) (discovery is meant to be "wide-ranging"); *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) ("[A] request for discovery should be considered relevant if there is *any possibility* the information sought may be relevant to a claim or defense." (quotation and citations omitted) (emphasis added)).

Accordingly, IT IS HEREBY **ORDERED** that on or before **December 10, 2010,** Defendant shall produce copies of minutes of Board meetings which occurred between January 1 and June 2, 2008 and February 14 and June 30, 2009 which refer to discussions about Plaintiff. All other information in such minutes shall be redacted.

Dated: December 3, 2010

BY THE COURT:

 s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge