IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01540-WYD-KLM

TIMOTHY J. POWNELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation, and
JAMES T. HUFFMAN, an individual,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to Amend Complaint** [Docket No. 105; Filed December 14, 2010] (the "Motion").  On January 14, 2011, Defendants filed a Response [Docket No. 121] in opposition to the Motion.  Plaintiff has not filed a reply.  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation regarding disposition.[1]  For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED**.

As an initial matter, the Amended Scheduling Order [Docket No. 22] provided that the deadline for seeking leave to amend pleadings expired on December 14, 2009.

---

[1] A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive.  *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purposes of resolving the present Motion, I will assume that the issue is dispositive and requires a recommendation to District Judge Wiley Y. Daniel.

*Amended Scheduling Order* [#22] at 9. Plaintiff filed the Motion long after the expiration of this deadline. Thus, the Motion is untimely, and the Court must employ a "two-step analysis" to determine whether it should be granted despite its untimeliness. *See Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).[2]

First, the Court considers whether Plaintiff has shown "good cause" under the standard set out in Fed. R. Civ. P. 16(b) for seeking to amend his Amended Complaint [Docket No. 16] after the expiration of the December 14, 2009 deadline. *See id.* (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.")); *accord Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (affirming the order of a magistrate judge denying the plaintiff's motion to amend the complaint after expiration of the deadline established in the scheduling order by stating as follows: "To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence."); *see also* Fed. R. Civ. P. 16(b) (a scheduling order deadline "may be modified only for good cause and with the judge's consent").

In his Motion, Plaintiff does not explain why he has good cause for untimely filing the

---

[2] It is the practice in this District to utilize the two-step analysis even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 Fed. App'x 57, 62 n.4 (10th Cir. Feb. 25, 2009) (internal quotation omitted).

Motion. He offers no explanation for his failure to file a motion for leave to amend his Amended Complaint [#16] before expiration of the December 14, 2009 amendment deadline. He also does not explain why he allowed an entire year to pass without filing a motion seeking to modify the Scheduling Order [#22] by reopening and extending the pleading amendment period. Moreover, Plaintiff's explanation of his need to amend the Amended Complaint [#16] indicates that his failure to seek leave to amend until this juncture was the result of, at best, inattention:

> At this time, Plaintiff wishes to add a claim for promissory estoppel. The underlying facts that form the basis for this claim are the same underlying facts that form the basis of his fraud claims, which are already included in both the Initial Complaint and the First Amended Complaint.

*Motion* [#105] at 2. Where, as here, "the party seeking amendment kn[ew] or should have known of the facts upon which the proposed amendment is based but fail[ed] to include [the claims raised in the amendment] in the original complaint, the motion to amend is subject to denial." *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (citation omitted); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 643-45, 651 (2d ed. 1990) (noting that where a plaintiff has had sufficient opportunity to assert a claim, but failed to do so, and where he "knew the facts on which the claim . . . sought to be added were based at the time the original pleading was filed," leave to amend may be denied).

The Court agrees with Defendants that "Plaintiff has not made a showing of good cause sufficient to justify the amendment he seeks." *Response* [#121] at 6. Plaintiff has not provided any facts that show that he was unable to comply with the December 14, 2009 pleading amendment deadline despite exercising due diligence. Both the Court and

"Defendants are left to infer that, based on the temporal proximity between the filing of the Motion and the entry of new counsel in this case, Plaintiff's new [representation] is the reason why [he] now seeks to assert a claim for promissory estoppel." *Id.* at 6-7. As Defendants point out, "the addition of counsel does not amount to good cause under" the standard set out in Fed. R. Civ. P. 16(b). *Id.* at 7 (citing *Marcin Eng'g, LLC v. Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003) ("That new counsel is dissatisfied with the state of the case it inherited is not" good cause to allow a pleading amendment "long after the court-ordered [amendment] deadline [has] passed.")).

Because Plaintiff has not shown good cause for seeking leave to amend his Amended Complaint [#16] after the expiration of the pleading amendment deadline, the Motion is subject to denial on this basis alone. *Colo. Visionary Acad.*, 194 F.R.D. at 688. Nevertheless, the Court briefly addresses the second step of the analysis: whether allowing Plaintiff to amend his Amended Complaint is appropriate under Fed. R. Civ. P. 15.

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*

Prejudice to defendants is the most important factor in considering whether a plaintiff should be permitted to amend his complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed]

amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (internal quotation marks omitted); *see also HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-01198-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo. Dec. 20, 2006) (unpublished decision) (prejudice under Rule 15 "'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party'" (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969))). The need for additional discovery does not by itself establish undue prejudice. *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 2756941, at *7 (D. Colo. Jul. 14, 2008) (unpublished decision). However, "a finding of prejudice is not foreclosed when the new claims arise out of the same subject matter as the previously asserted claims[.]" *Tex. Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 3158155, at *3 (D. Colo. Sept. 28, 2009) (unpublished decision). Finally, "as a general rule, the risk of substantial prejudice increases with the passage of time." 6 Wright et al., *supra*, § 1488, at 670.

In this case, the deadlines for the completion of discovery and the filing of dispositive motions have expired. The Final Pretrial Conference has occurred, and the parties are now preparing for trial, which is set for August 22, 2011. Allowing Plaintiff to amend his Amended Complaint now to add a claim of promissory estoppel would require Defendants to prepare a new defense based on this new legal theory. Doing so would distract Defendants from trial preparation. At this juncture, the Court finds that such distraction would be unduly prejudicial.

In summary, Plaintiff has failed to provide "good cause" pursuant to Fed. R. Civ. P. 16(b) for his delay in attempting to modify the Scheduling Order [#22] and amend his

Amended Complaint [#16]. Moreover, because of undue delay and prejudice to Defendants, granting Plaintiff leave to amend pursuant to Fed. R. Civ. P. 15(a) is not appropriate. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#105] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 15, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix