IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01540-WYD-KLM

TIMOTHY J. POWNELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation, and
JAMES T. HUFFMAN, an individual,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Reconsider the Recommendation to Deny Plaintiff's Motion to Amend Complaint** [Docket No. 194; Filed April 21, 2011] (the "Motion").  Plaintiff seeks reconsideration of the Court's February 15, 2011 Recommendation [Docket No. 150] that Plaintiff's Motion for Leave to Amend Complaint [Docket No. 105] (the "Motion to Amend") be denied.  The Motion to Amend sought leave to amend the Amended Complaint [Docket No. 16] to add a claim for promissory estoppel.  The Court recommended that the Motion to Amend be denied because (1) Plaintiff "failed to provide 'good cause' pursuant to Fed. R. Civ. P. 16(b) for his delay in attempting to modify the [Amended] Scheduling Order [Docket No. 22]," and (2) permitting amendment six months before trial would have been unduly prejudicial to Defendants. *Recommendation* [#150] at 5-6.  Plaintiff now contends that reconsideration is appropriate because (1) he has received new documents during the discovery process

that reveal previously unknown facts that support the proposed promissory estoppel claim, and (2) the Court did not consider his Reply [Docket No. 135] before issuing its Recommendation. *Motion* [#194] at 3. The Court addresses Plaintiff's contentions in turn.

### A. Standard of Review

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is usually "appropriate [only] where the Court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

### B. Consideration of Plaintiff's Reply

Plaintiff is correct that the Court did not address his Reply [#135] in its Recommendation [#150]. Accordingly, the Court agrees with Plaintiff that consideration of the Reply is appropriate to ensure that the Court did not misapprehend his position. After reviewing the Reply, the Court finds that the arguments set forth therein do not warrant a change to the Recommendation. In the interest of completeness, the Court briefly addresses these arguments below.

First, Plaintiff argues in his Reply that he has satisfied his obligation under Fed. R. Civ. P. 16(b) to demonstrate "good cause" for seeking leave to amend the Amended

Complaint [#16] after the December 14, 2009 pleading amendment deadline established in the Amended Scheduling Order [#22]. *Reply* [#135] at 2-5. Plaintiff explains the purported good cause for the untimely filing of his Motion to Amend [#105] as follows:

> Here, the delay in adding the claim was caused by **oversight of counsel**. When the original complaint in the action was drafted and filed, Plaintiff was represented by a different attorney, Chris Taravella. A claim for promissory estoppel was not included in that complaint. Undersigned counsel did represent Plaintiff at the time the first amended complaint was filed, but the focus of that amendment was to combine the prior sixth and eighth claims for relief into one claim, and undersigned **counsel overlooked** the possibility of then adding a promissory estoppel claim. In reviewing the case and the claims as a whole, in preparation for the filing of the final pretrial order, undersigned counsel recognized that the claim never had been included, but was applicable to the facts of the case.

*Id.* at 4-5 (emphasis added). In its Recommendation, the Court fully explained that "inattention" by counsel is not good cause within the meaning of Fed. R. Civ. P. 16(b). *Recommendation* [#150] at 3; *see also Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 968 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997) ("Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). . . . Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . **Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief**." (emphasis added))); *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) ("To establish 'good cause,' the party seeking to extend the deadline must establish that the scheduling order's deadline could not have been met with diligence."). Accordingly, Plaintiff's Reply does not warrant altering the Court's finding that Plaintiff failed to make a showing of good cause under Fed. R. Civ. P.

16(b) sufficient to justify permitting him to amend his Amended Complaint [#16] one year after expiration of the pleading amendment deadline. *See Recommendation* [#150] at 3 ("Plaintiff has not provided any facts that show that he was unable to comply with the December 14, 2009 pleading amendment deadline despite exercising due diligence.").[1]

Plaintiff next argues in his Reply that his Motion to Amend [#105] is timely under Fed. R. Civ. P. 15(a). *Reply* [#135] at 5-8. Although Plaintiff is correct that "Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action," *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006), the Rule does permit the Court to deny leave to amend pleadings when there has been "undue delay" in seeking such leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff argues that there was no undue delay in seeking amendment because, at the time he filed the Motion to Amend [#105] on December 14, 2010, "the trial had not yet been set, the pretrial conference had not yet occurred, the pretrial order had not yet been entered, and the dispositive motions

---

[1] Plaintiff briefly argues in his Reply that he is not required to separately demonstrate good cause under Rule 16(b) for seeking to amend his Amended Complaint after expiration of the pleading amendment deadline. *Reply* [#135] at 2-3. Plaintiff cites cases from the Fifth Circuit, the Eighth Circuit, and the District of Alabama for the proposition that "[d]elay by [a] plaintiff in filing an amended claim can be procedurally fatal, but amendment may be allowed where the plaintiff meets the burden of showing the delay was due to oversight, inadvertence, or excusable neglect." *Id.* at 5 (citations omitted). Plaintiff's argument is not persuasive. It is the practice in this District to require separate compliance with Fed. R. Civ. P. 16(b) and 15(a) from a plaintiff seeking to amend his complaint after expiration of the pleading amendment deadline established in the scheduling order. *See, e.g.*, *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *1 (D. Colo. Mar. 14, 2011) (unreported decision) ("Because Plaintiff filed his Motion after the deadline for amending the pleadings, the Court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the Scheduling Order under Fed. R. Civ. P. 16(b), [and] then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Fed. R. Civ. P. 15(a)."); *Pumpco, Inc. v. Schenker Int'l. Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001); *Colo. Visionary Acad*, 194 F.R.D. at 687. This practice stands even though the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement." *Strope v. Collins*, 315 F. App'x 57, 62 n.4 (2009) (internal quotation omitted).

deadline had not yet passed." *Reply* [#135] at 5. The Court disagrees. When, as here, a plaintiff provides no explanation beyond inattention, carelessness, or "oversight of counsel" for his failure to seek leave to amend before expiration of the pleading amendment deadline, the Court finds "undue delay." *See Recommendation* [#150] at 3 ("[Plaintiff] offers no explanation for his failure to file a motion for leave to amend his Amended Complaint [#16] before expiration of the December 14, 2009 amendment deadline. He also does not explain why he allowed an entire year to pass without filing a motion seeking to modify the Scheduling Order [#22] by reopening and extending the pleading amendment period. Moreover, Plaintiff's explanation of his need to amend the Amended Complaint indicates that his failure to seek leave to amend until this juncture was the result of, at best, inattention.").

Finally, Plaintiff argues in his Reply that Defendants will not be unduly prejudiced if he is permitted to add his proposed promissory estoppel claim. *Reply* [#135] at 15-17. Plaintiff asserts that "the underlying facts supporting all of the elements of the promissory estoppel claim have already been pled, and Defendants have been aware of them since the filing of the original Complaint." *Id.* at 16. Accordingly, Plaintiff argues that "Defendants have already had ample opportunity to conduct discovery related to any and all of the factual allegations in Plaintiff's original Complaint, several of which . . . pertain to Plaintiff's promissory estoppel claim." *Id.* at 15. The Court is not persuaded by Plaintiff's argument. As explained in the Recommendation, undue prejudice under Rule 15 "'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *Recommendation* [#150] at 5 (quoting *HCA-Healthone LLC v. Susan Lou Sparks Trust*, No. 06-011980-MSK-MEH, 2006 WL 3762024, at *1 (D. Colo.

Dec. 20, 2006) (unreported decision) (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969))). "[A] finding of prejudice is not foreclosed when the new claims arise out of the same subject matter as the previously asserted claims." *Tex. Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370-WDM-MEH, 2009 WL 3158155, at *3 (D. Colo. Sept. 28, 2009) (unreported decision). In its Recommendation, the Court found that Defendants would have been unduly prejudiced if Plaintiff was allowed to amend his Amended Complaint to add a claim for promissory estoppel:

> The Final Pretrial Conference has occurred, and the parties are now preparing for trial, which is set for August 22, 2011. Allowing Plaintiff to amend his Amended Complaint now to add a claim for promissory estoppel would require Defendants to prepare a new defense based on this new legal theory. Doing so would distract Defendants from trial preparation. At this juncture, the Court finds that such distraction would be unduly prejudicial.

*Recommendation* [#150] at 5. Nothing in Plaintiff's Reply alleviates the Court's concerns. Moreover, if Plaintiff is allowed to add a claim of promissory estoppel, Defendants should be given an opportunity to file dispositive motions regarding the new claim. Allowing time to file and adjudicate these motions would almost certainly require rescheduling the trial, thus delaying the ultimate resolution of this case. *See generally* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1488, at 670 (2d ed. 1990) ("[A]s a general rule, the risk of substantial prejudice increases with the passage of time."). The Court concludes that the argument in Plaintiff's Reply does not warrant altering the Court's finding that granting Plaintiff leave to amend is inappropriate given the risk of undue prejudice to Defendants.

### C. Discovery of Previously Unknown Facts

Plaintiff contends that the Court should reconsider its Recommendation [#150] and

recommend granting the Motion to Amend [#105] "because significant new evidence was recently produced to Plaintiff which would have led [him] to file his Motion to Amend sooner if [he] had known about it sooner." *Motion* [#194] at 4; *see also id.* ("Had Plaintiff had access to this evidence sooner, . . . he would have filed his Motion to Amend to add a promissory estoppel claim at that time."). While Plaintiff may be correct that he would have filed his Motion to Amend "sooner" if he had received certain documents sooner, this assertion is inapposite. Plaintiff's failure to timely file a motion seeking leave to add a promissory estoppel claim might be excusable if he did not discover the facts necessary to support the claim until after the December 14, 2009 pleading amendment deadline. But Plaintiff has not argued – and does not now argue – that he did not know the factual basis for his proposed promissory estoppel claim until after the pleading amendment deadline. Instead, Plaintiff has repeatedly stated that he has known the facts underlying his proposed promissory estoppel claim from the very outset of this case. *See, e.g.*, *Motion to Amend* [#105] at 2 ("The underlying facts that form the basis for [the proposed promissory estoppel] claim are the same underlying facts that form the basis for [Plaintiff's] current fraud claims, which are already included in both the initial Complaint and the First Amended Complaint [#16]. Accordingly, no new or additional discovery will need to be conducted as a result of this new claim."); *id.* at 4 ("[T]he promissory estoppel claim involves the same set of facts and circumstances as Plaintiff's existing fraud claims[.]"); *id.* at 5 ("The promissory estoppel claim Plaintiff seeks to add in this case is substantially similar to Plaintiff's existing fraud claims."); *Reply* [#135] at 16 ("[T]he underlying facts supporting all of the elements of the promissory estoppel claim have already been pled[.]"); *id.* ("Plaintiff's point is that the elements of promissory estoppel are already encompassed in his existing

factual allegations.").

Because Plaintiff knew the underlying factual basis for his proposed promissory estoppel claim from the outset of the case, he must show good cause for his failure to either (1) seek leave to add the claim before the pleading amendment deadline, or (2) file a motion seeking to extend the pleading amendment deadline before it expired. *See Recommendation* [#150] at 3 ("[Plaintiff] also does not explain why he allowed an entire year to pass without filing a motion seeking to modify the Scheduling Order [#22] by reopening and extending the pleading amendment period."). "[T]he purpose of the deadline to amend and add contained in the Scheduling Order is to force the parties to make any known amendments immediately so that all discovery in the case, including the earliest discovery, is taken with the claims and defenses as the parties expect them to be." *Sanchez v. City & County of Denver ex rel. Bd. of Water Comm'rs*, No. 07-cv-01805-MSK-BNB, 2007 WL 4557842, at *1 (D. Colo. Dec. 20, 2007) (unreported decision); *see also* 6 Wright et al., *supra*, § 1487, at 643-45, 651 (2d ed. 1990) (noting that where a plaintiff has had sufficient opportunity to assert a claim, but failed to do so, and where he "knew the facts on which the claim . . . sought to be added were based at the time the original pleading was filed," leave to amend may be denied). Here, Plaintiff admits that he could have added his proposed promissory estoppel claim at the time he filed his Amended Complaint [#16] on September 4, 2009. *See Reply* [#135] at 4 (stating that Plaintiff's current counsel was already representing Plaintiff at the time the Amended Complaint was filed, and admitting that "the delay in adding the [promissory estoppel] claim was caused by oversight of counsel"). The fact that Plaintiff continued to receive – and continues to receive – documents from Defendants and nonparties that support his proposed

promissory estoppel claim does not establish good cause for his failure to seek leave to assert the claim in a timely manner. While Plaintiff may need the documents he has recently obtained to ultimately *prove* his promissory estoppel claim, he did not need them to *plead* the claim. In short, a plaintiff should not be permitted to strategically refrain from adding a claim to his complaint just because he has not yet accumulated all of the evidence he wants to use to attempt to prove the claim. Otherwise, the pleading amendment deadline would serve no purpose.

Accordingly, the Court concludes that the fact that Plaintiff is still receiving documents from Defendants and nonparties as part of the discovery process does not warrant altering the Court's finding that Plaintiff failed to show good cause for granting him leave to add a claim after the pleading amendment deadline.

### D.   Conclusion

For the reasons set forth above, the Court concludes that Plaintiff has not provided valid grounds for the Court to alter its recommendation that the Motion to Amend [#105] should be denied. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#194] is **DENIED**.

IT IS FURTHER **ORDERED** that the Court's Recommendation [#150] stands.

Dated:  May 3, 2011

BY THE COURT:

  s/ Kristen L. Mix
United States Magistrate Judge

Kristen L. Mix