IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01540-WYD-KLM

TIMOTHY J. POWNELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation; and
JAMES T. HUFFMAN, an individual,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Defendants' Motion for Summary Judgement and Supporting Brief [ECF No. 132], filed January 31, 2011 and Plaintiff's Motion for Summary Judgment Against Defendant Credo Corporation on His Fourth, Fifth, and Sixth Claims for Relief [ECF No. 134], filed January 31, 2011.  I have also considered all responses and replies filed by each party.

**I.     BACKGROUND**

Defendant Credo Petroleum Corporation ("CREDO") is a publicly traded, independent energy company.  On June 4, 2008, CREDO signed an agreement with RCH Energy Opportunity Fund II ("RCH"), under which RCH purchased approximately 17.5% of CREDO's common stock.  RCH also received the right to nominate two directors to CREDO's board.

At that time, Plaintiff Timothy Pownell was working as Vice-President - Exploration, Exploitation and Development, for Huber Energy, a division of J.M. Huber

Corporation in Houston, Texas. Sometime in mid-2008, Mr. Pownell spoke with members of CREDO's board as well as CREDO's then CEO James Huffman about the possibility of Mr. Pownell leaving Huber Energy and coming to work at CREDO.

On August 7, 2008, CREDO made Mr. Pownell an employment offer for the position of President and Chief Operating Officer of CREDO. After negotiating on various terms, on August 22, 2008, Mr. Pownell signed an employment agreement, which included, among other things, provisions for Mr. Pownell's compensation, various severance arrangements in the event of Mr. Pownell's separation from CREDO, and Mr. Pownell's entitlement to vacation and other benefits.

Less than one year later Mr. Pownell separated from CREDO. On January 28, 2009, Mr. Pownell provided a letter to CREDO's board, thereby stating his intent to resign his position. The letter stated, "I hereby resign from CREDO Petroleum Corporation, as an officer and an employee, for Good Reason, effective February 27, 2009." (Def.s' Mot. Sum. J. Ex. J). Mr. Pownell's letter further stated that CREDO had materially diminished his job duties in specific ways. (*Id.*).

After his separation from CREDO, Mr. Pownell filed this lawsuit, asserting that he was induced to accept the offer of employment from CREDO and to resign his position at Huber Energy due to materially false representations made by Defendants. He asserts that Defendant Huffman personally assured him that (1) Mr. Huffman supported Mr. Pownell's candidacy to be his successor to the CEO position; (2) that Mr. Huffman was committed to an orderly and friendly leadership transition; (3) that Mr. Huffman would mentor Mr. Pownell on being a public-company CEO; and (4) that Mr. Huffman would step aside as CEO within 6-12 months. Mr. Pownell asserts that these and other

representations were false, and that they were critical to his decision to accept employment with CREDO.

Mr. Pownell further asserts that Defendants concealed information regarding Mr. Pownell's future employment with CREDO, including the existence of a controversy over the CEO position among the new RCH directors and the old CREDO directors regarding Mr. Pownell's prospects for becoming CEO. Rather than mentor Mr. Pownell and support him for the position of CEO, Mr. Pownell asserts that Mr. Huffman engaged in a campaign to diminish Mr. Pownell's position as President and COO and to exclude him from decisions and communications.

Mr. Pownell's Second Amended Complaint asserts three claims against CREDO and Mr. Huffman—(Claim 1): false representation; (Claim 2): fraudulent concealment; (Claim 3): statutory fraud. He further asserts four more claims against Defendant CREDO only—(Claim 4): violation of the Colorado Wage Act; (Claim 5): declaratory judgment that his termination was for good reason; (Claim 6): breach of contract/breach of covenant of good faith and fair dealing; and (Claim 7): declaratory judgment regarding the non-competition provisions of Mr. Pownell's employment contract.

Both sides have filed motions for summary judgment. Defendants CREDO and Mr. Huffman seek summary judgment on each of Mr. Pownell's claims. [ECF No. 132]. Mr. Pownell seeks summary judgement on his fourth, fifth, and sixth claim [ECF No. 134].

**II.     STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 56(c) summary judgment is warranted when "the pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986); *Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

When reviewing a motion for summary judgment, a court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). In order to rebut a motion for summary judgment, an opposing party must present evidence permitted by Rule 56 setting forth specific facts that would be admissible at trial. Fed.R.Civ.P. 56(e)(2); *Adams v. Am. Guarantee and Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000).

This case involves cross-motions for summary judgment. "Because the determination of whether there is a genuine dispute as to a material factual issue turns upon who has the burden of proof, the standard of proof and whether adequate evidence has been submitted to support a prima facie case or to establish a genuine

dispute as to material fact, cross motions must be evaluated independently." *In re Ribozyme Pharmaceuticals, Inc., Securities Litig.*, 209 F.Supp.2d 1106, 1112 (D.Colo.2002); *see also Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir.2000); *Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir.1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

### III. ANALYSIS

#### A. Fraud Claims

Defendants first move for summary judgment on Mr. Pownell's fraudulent misrepresentation claim. Defendants argue that Mr. Pownell's claim for fraudulent misrepresentation fails because the employment agreement between Mr. Pownell and CREDO is fully integrated and because Mr. Pownell has no evidence that Defendants made false representations or that Defendants had any fraudulent intent.

While it is true that integration clauses in a contract generally permit parties to limit future disputes to reciprocal obligations in the document, a general integration clause does not bar the admission of extrinsic evidence in a claim for fraudulent misrepresentation. *See Keller v. A.O. Smith Harvestore Products, Inc*, 819 P.2d 69 (Colo.1991) (en banc) (citing cases). Under Colorado law, fraudulent misrepresentations may remove a matter from contract law and place it in tort. *See In re Mascio*, 2011 WL 1158928, at *4 (D.Colo. 2011). In this case, the integration clause may, however, be evidence that goes to the reasonableness of Mr. Pownell's reliance on any additional representations made by Defendants. Nevertheless, the integration clause at issue states that it is only meant to supercede and replace *prior* negotiations

and agreements *concerning the subject matter* of the employment agreement.  Given the terms of the integration clause, I find it is appropriate for the trier of fact to determine if Plaintiff's reliance was reasonable.  *Colorado Coffee Bean, LLC v. Peaberry Coffee Inc.,* 251 P.3d 9, 20 (Colo.App. 2010) ("typically reliance is a decision for the finder of fact.").

Further, I find that Plaintiff has presented sufficient evidence that representations made by CREDO and Mr. Huffman were false, and that both Defendants should have been or were aware that such representations were false at the time they were made.  Accordingly, Defendant's motion for summary judgment on this claim is denied.

Next, Defendants move for summary judgment on Mr. Pownell's second claim for fraudulent concealment.  As to this claim, I likewise find that Mr. Pownell has presented evidence sufficient to preclude summary judgment.  First, he has presented evidence that Defendants concealed past or present facts.  Furthermore, Mr. Pownell is correct that under certain circumstances, a fraudulent concealment claim may be based on undisclosed material facts that relate to future events.  *Berger v. Security Pacific Information Systems, Inc.*, 795 P.2d 1380, 1384 (Colo.App.1990) ("We also find no merit in [the defendant's] argument that, because the information concerned future contingencies, there was no duty to disclose.") Second, I agree with Mr. Pownell that Defendants had a duty to disclose their realistic assessment of Plaintiff's future employment prospects with CREDO and that Plaintiff has set forth significant evidence that Defendants did not do so.  "An individual has a duty to disclose a fact if in equity or good conscience, the fact should be disclosed."  *Vaske v. DuCharme, McMillen & Associates, Inc.,* 757 F.Supp. 1158, 1164 (D.Colo. 1990).  Although it is true that board

6

members have legal duties not to disclose to the public certain matters regarding the operations of the company, providing Mr. Pownell with an honest evaluation of his future with the company would not have been incompatible with those legal duties.

Plaintiff's third claim for relief is based upon Colo. Rev. Stat. § 8–2–104, which makes it unlawful to induce, influence, or persuade an employee to change from one place of employment to another by means of false or deceptive representations. Colo. Rev. Stat. Ann. § 8-2-107. Defendants argue that Plaintiff's claim for statutory fraud should fail because Mr. Pownell did not move his residence as a result of the alleged fraud. But Defendants cite no cases holding that C.R.S. § 8–2–104 always requires a *formal* change of residence. The Court in *Vaske v. DuCharme, McMillen & Associates, Inc.*, cited by Defendants, does not hold that a formal change of residence is required, but only that the Defendant in that case "was not brought into Colorado" and that it was uncontested "that he lived in Colorado both before and after he began to work for [the defendant]." *Vaske*, 757 F.Supp. at 1164. As such, Defendants motion for summary judgment as to Mr. Pownell's third claim is denied.

### B. Colorado Wage Act Claim

Both parties have moved for summary judgment with respect to Mr. Pownell's Fourth Claim for violations of the Colorado Wage Act. In this claim, Mr. Pownell asserts that CREDO violated Colorado's Wage Act by failing to pay him for wages for February 26 - 27, 2009 as well as vacation owned to him. For the reasons set forth below, both parties' motions are denied.

CREDO asserts that it is entitled to summary judgment because Mr. Pownell did no work on February 26-27; because Mr. Pownell cannot establish that CREDO was his

employer at the time; and because Mr. Pownell had not earned any vacation pay. Conversely, Mr. Pownell contends that he is entitled to summary judgment because CREDO failed to pay him accrued wages and vacation time to which Mr. Pownell is rightfully entitled.

I find that there are genuine issues of material fact that preclude entering summary judgment on behalf of either party. With respect to Mr. Pownell's assertion that he was not paid for February 26 - 27, I find there are issues of fact regarding which section of his employment contract he was terminated under. Although Mr. Pownell has presented evidence sufficient to withstand summary judgment, Defendants have also shown that material facts are at issue concerning the nature of Mr. Pownell's separation from CREDO.

Summary judgment is also inappropriate on the issue of Mr. Pownell's entitlement to paid vacation. CREDO asserts that Mr. Pownell is not entitled to vacation pay that he had not earned, under the terms of the parties' contract. The contract provided: "Employee shall be entitled to four weeks paid vacation per year, which shall accrue and be subject to the terms of the Company's vacation policy, as the same may be amended from time to time." Per the Company's vacation policy, which Mr. Pownell disputes he was ever given a copy of, vacation is earned "[u]pon completion of full-time employment for one year." Although it is undisputed that Mr. Pownell was not employed by CREDO for a full year, as Mr. Pownell points out, CREDO's vacation policy also provides for the possibility that a supervisor may approve exceptions to the policy that vacation days accrue only after one year of employment. And CREDO did approve the use of seven days vacation time during 2008. Drawing all reasonable inferences in

favor of Mr. Pownell, I cannot grant summary judgment in favor of CREDO. Likewise, summary judgment would also be inappropriate in favor of Mr. Pownell.

### C. Breach of Contract Claims

Both parties have also moved for summary judgment with respect to Mr. Pownell's breach of contract claims. In his Fifth Claim, Mr. Pownell seeks a declaratory judgment that he is entitled to all severance pay, bonus pay, stock options, wages, compensation, and welfare benefit plans as specified in his employment agreement with CREDO for his termination for "Good Reason." (Compl. ¶ 135.). In Mr. Pownell's Sixth Claim he asserts that CREDO is in material breach of his employment agreement. (Compl. ¶ 139). His Sixth Claim further asserts that CREDO has violated the covenant of good faith and fair dealing in the interpretation, performance, and/or enforcement of its obligations to Mr. Pownell. (Compl. ¶ 146).

For the same reasons discussed above, summary judgment on Mr. Pownell's claim breach of contract claims is inappropriate. There are genuine issues of material fact regarding the circumstances of Mr. Pownell's separation from CREDO, including but not limited to, whether he was entitled to severance pay and whether he had accrued vacation pay. Further, with respect to Mr. Pownell's claim for breach of the covenant of good faith and fair dealing, courts have recognized this claim in the employment context. *See e.g., Hyden v. Ford Motor Credit Co.*, 2007 U.S. Dist. LEXIS 47046, No. 06-cv-01970-WYD-CBS, at *10 (D. Colo. June 28, 2007)).

With respect to the parties remaining arguments, I find that both sides have presented sufficient evidence to withstand a motion for summary judgment, and that genuine issues of material fact exist precluding summary judgment for either party.

## IV. CONCLUSION

Accordingly, it is

ORDERED that Defendants' Motion for Summary Judgment [ECF No. 132], filed January 31, 2011 is **DENIED**.  It is

FURTHER ORDERED that Plaintiff's Motion for Summary Judgment Against Defendant Credo Petroleum Corporation on His Fourth, Fifth, and Sixth Claims for Relief [ECF No. 134], filed January 31, 2011 is **DENIED.**

Dated:  June 29, 2011

                                BY THE COURT:

                                s/ Wiley Y. Daniel
                                Wiley Y. Daniel
                                Chief United States District Judge