IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01540-WYD-KLM

TIMOTHY J. POWELL, an individual,

    Plaintiff,

v.

CREDO PETROLEUM CORPORATION, a Delaware corporation; and
JAMES T. HUFFMAN, an individual,

    Defendants.

## ORDER

THIS MATTER is before me in connection with Plaintiff's Motion for Leave to Amend Complaint [ECF No. 105], filed December 14, 2010.  On December 14, 2010, this motion was referred to United States Magistrate Judge Mix for a Recommendation. [ECF No. 107].  Magistrate Judge Mix issued a Recommendation on February 15, 2011 [ECF No. 150] that Plaintiff's motion be denied.  On March 4, 2011, Plaintiff filed an Objection to Recommendation on Plaintiff's Motion to Amend Complaint [ECF No. 157]. On April 15, 2011, Plaintiff filed an Expedited Unopposed Motion to Stay Briefing and Ruling on Plaintiff's Objection to the Recommendation to Deny Plaintiff's Motion to Amend Complaint While Plaintiff's Motion to Reconsider the Recommendation is Pending. [ECF No. 180].  Then on April 21, 2011, Plaintiff filed a Motion to Reconsider the Recommendation to Deny Plaintiff's Motion to Amend Complaint [ECF No. 194], which was referred to Magistrate Judge Mix on April 22, 2011 [ECF No. 196].  On May 3, 2011, Magistrate Judge Mix denied Plaintiff's Motion to Reconsider the

Recommendation to Deny Plaintiff's Motion to Amend Complaint, concluding that Plaintiff had not provided valid grounds for the Court to alter its recommendation that the Motion to Amend be denied. [ECF No. 205]. As such, the Recommendation [ECF No. 150] stands.

Plaintiff then filed an Amended Objection to Recommendation to Deny Motion to Amend Complaint and an Objection to Order Denying Motion to Reconsider Recommendation to Deny Motion to Amend Complaint [ECF No. 207]. Defendants filed a Response on June 6, 2011 [ECF No. 213].

For the reasons discussed in this Order, Magistrate Judge Mix's Order denying Plaintiff's motion for reconsideration is affirmed, her Recommendation regarding Plaintiff's Motion to Amend is affirmed, and Plaintiff's objections are overruled.

**I.   BACKGROUND**

In this case, Plaintiff Timothy J. Pownell asserts claims based on fraud and breach of contract arising from his employment and separation from Defendant CREDO Petroleum Corporation ("CREDO"). Mr. Pownell signed an employment agreement with CREDO effective September 8, 2008, to become the Company's President and Chief Operating Officer. Mr. Pownell asserts that Defendant Huffman and other CREDO executives made materially false promises inducing him to leave his former position and take the position with CREDO. Mr. Pownell's claims against the Defendants include common law fraud, statutory fraud, Colorado Wage Act violations, breach of contract, and breach of the implied covenant of good faith and fair dealing.

Mr. Pownell filed his original complaint on June 30, 2009 [ECF No. 1] and he filed an amended complaint on September 4, 2009 [ECF No. 16]. The Amended Scheduling

Order [ECF No. 22] set the deadline for seeking leave to amend pleadings as December 14, 2009. Long after that date, on December 14, 2010, Plaintiff filed a motion to amend his complaint a second time. [ECF No. 105]. In his motion to amend, Plaintiff seeks to add a claim for promissory estoppel, stating that the underlying facts that form the basis for this claim are the same underlying facts that from the basis for his current fraud claims, which are already included in both the initial Complaint and the First Amended Complaint. (ECF No. 105, Pl.' Mot. for Leave to Amend Compl. 2).

## II. ANALYSIS

### A. Standard of Review

Plaintiff filed an objection to Magistrate Judge Mix's Recommendation [ECF No. 207] and also filed a further objection/appeal of Magistrate Judge Mix's denial of Plaintiff's motion to reconsider [ECF No. 207]. Because a motion for reconsideration is a nondispositive motion, I must review Magistrate Judge Mix's Order under a deferential standard. Plaintiff must demonstrate that Magistrate Judge Mix's Order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D.Colo.1993).

Plaintiff also challenges Magistrate Judge Mix's Recommendation to deny Plaintiff's motion to amend its complaint. Generally a motion to amend a complaint is considered a nondispostive motion because it involves pretrial matters not dispositive of a claim or defense of a party within the purview of Fed. R. Civ. P. 72(a). *Grabau v. Target Corp.*, No. 06-cv-01308, 2008 WL 179442, at *5 (D.Colo. Jan. 17, 2008). "When

3

the magistrate judge's order denying a motion to amend, however, effectively removes a defense or claim from the case, it may well be a dispositive ruling that the district court should review de novo." *Cuenca v. University of Kansas*, 205 F.Supp.2d 1226, 1228 (D.Kan. 2002). In this case, I find it is appropriate to review Magistrate Judge Mix's Recommendation on a *de novo* basis, but I note that my ruling would be the same under either standard.

### B.     The Recommendation to Deny Plaintiff's Motion to Amend

In her Recommendation, Magistrate Judge Mix concluded that Mr. Pownell has failed to show why he has good cause for amending his complaint out of time. (Rec. at 2). She notes that Plaintiff's failure to seek leave to amend until this late juncture "was the result of, at best, inattention." (Rec. at 3). Mr. Pownell objects, asserting that he does have good cause. He argues that his a claim for promissory estoppel was originally left out as "the result of an inadvertent oversight and was not for any strategic reason." (ECF No. 207, Pl.'s Amended Obj. at 9). He further contends that even if those facts do not establish good cause, he has good cause due to newly discovered evidence. (*Id.*).

Because Plaintiff filed his motion to amend the complaint well after the deadline set forth in the scheduling order, it is the practice in this district to follow a two-step analysis to determine whether the motion should be granted, even though it is untimely. *See Colo. Visionary Acad. V. Medtronic, Inc.* 194 F.R.D. 684, 687 (D. Colo. 2000); *Nicastle v. Adams County Sheriff's Office*, No. 10–cv–00816–REB–KMT, 2011 WL 1465586, at *1 (D.Colo. Mar. 14, 2011). The first step is to consider whether Plaintiff has shown "good cause" for seeking to amend the complaint, under Fed. R. Civ. P.

16(b). *Id.* If the movant meets the Rule 16 burden, then the second step is to consider whether amendment is appropriate under Fed. R. Civ. P. 15. *Id.*

The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *See e.g., Wiley v. Covad Commc'ns Co.*, No. 09-cv-01799, 2010 WL 358039, at *1 (D.Colo. Jan. 26, 2010). "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Colo. Visionary Acad.,*194 F.R.D. at 687.

Reviewing Plaintiff's motion *de novo*, I agree with Magistrate Judge Mix that Plaintiff has not satisfied the good cause standard. As noted by Magistrate Judge Mix, Plaintiff admits that the "the delay in adding the claim was caused by oversight of counsel" and that counsel "overlooked the possibility of adding a promissory estoppel claim." [ECF No. 135, Pl.'s Reply in Support of Mot. to Amend. at 4-5]. To establish good cause, the party seeking to extend the deadline must show that the deadline could not have been met with diligence. *Denmon v. Runyon*, 151 F.R.D. 404, 407 (D.Kan.1993). Plaintiff has failed to make that showing. An oversight does not demonstrate good cause. "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *State Distributors, Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984).

Even though Magistrate Judge Mix found that Mr. Pownell's motion to amend could be denied based solely on his failure to show good cause, she also addressed whether allowing Mr. Pownell to amend his complaint would be appropriate under Fed. R. Civ. P. 15. (Rec. 4). She concluded that his motion should be denied on the basis of

undue delay and because allowing Mr. Pownell to amend his Amended Complaint to add a claim of promissory estoppel would be unduly prejudicial to Defendants.

Mr. Pownell objects and contends that "findings about timing should be based on the date the Motion was filed, not the time of the decision." (ECF No. 207, Pl.'s Amended Obj. at 12).  He notes that at the time of his motion, the pretrial order had not been entered and the dispositive motions deadline had not passed.  He further argues that an amendment may be allowed under Rule 15 where the plaintiff meets the burden of showing the delay was due to oversight, inadvertence, or excusable neglect. (*Id.* at 13).  Finally, he contends that the amendment would not cause undue prejudice to Defendants because the proposed promissory estoppel claim is supported by the same underlying facts that give rise to Plaintiff's existing claims and that none of the underlying theories of the case will change. (*Id.* at 14).  He also asserts that the delay in seeking to amend the complaint is due in part to Defendants' late production of discovery.

Under Fed. R. Civ. P. 15(a) the Court should freely give leave to amend when justice so requires.  Fed.R.Civ.P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir.2005).  Leave to amend may be refused, however, "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman*, 371 U.S. at 182.

I find that Mr. Pownell's motion should be denied on the basis of undue delay as well as undue prejudice to Defendants.  This is not a situation where Plaintiff initially

believed the strength of his evidence did not merit asserting the claim and then later, upon discovery of additional evidence, realized he had enough evidence to assert the claim. Rather, as discussed above, Plaintiff admits that a promissory estoppel claim could have been asserted from the beginning, but that this possibility was simply overlooked. Plaintiff relies on *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) for the proposition that a motion to amend shouldn't be denied just because the Plaintiff "was already aware of some of the facts supported that claim early on in the case." (ECF No. 207, Pl.'s Amended Obj. at 11). The Plaintiff in *Pumpco*, however, delayed in seeking leave to assert an additional claim until it learned the identities of the people allegedly involved. *Pumpco*, 204 F.R.D. at 668. That is different from the situation here, where Plaintiff knew of the facts supporting a promissory estoppel claim from the beginning, overlooked the possibility of adding the claim, and then discovered additional evidence late in the case that would also support the claim. Even if Plaintiff discovered that additional support later in the case due to Defendant's conduct, as Plaintiff asserts, that does not change the fact that this claim could have been asserted much earlier. Under the particular facts in this case, I find that Plaintiff has unduly delayed in filing his motion to amend.

Finally, I also agree with Magistrate Judge Mix that allowing Plaintiff's amendment at this point would unduly prejudice the Defendants. Prejudice under Rule 15 means undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the other party. *HCA-HealthOne, LLC v. Susan Lou Sparks Trust*, No. 06-cv-01198, 2006 WL 3762024, at *2 (D. Colo. Dec. 20, 2006). And, "a finding of prejudice is not foreclosed when the new claims arise out of the same

subject matter as the previously asserted claims; rather, defendants are "most often" unfairly affected "in terms of preparing for their defense" when the new claims arise out of a different subject matter." *Texas Instruments, Inc. v. BIAX Corp.*, No. 07-cv-02370, 2009 WL 3158155, at *3 (D.Colo. Sept. 28, 2009). In this case, Plaintiff's motion to amend was filed just one week prior to the Final Pretrial Conference. Dispositive motions have already been filed, and this case is now set for trial starting August 22, 2011. I find that allowing amendment at this point would cause undue difficulty to Defendants in defending this lawsuit.

Based on the foregoing, I find that Magistrate Judge Mix's Recommendation should be affirmed in its entirety and that Plaintiff's objections should be overruled.

### C. The Motion to Reconsider

Mr. Pownell also asserts that Magistrate Judge Mix erred in denying Plaintiff's motion to reconsider. Because I affirm Magistrate Judge Mix's Recommendation, it follows that I also affirm her denial of Mr. Pownell's motion to reconsider. Magistrate Judge Mix did not incorrectly apply the law or commit clear error in denying Plaintiff's motion for reconsideration.

## IV. CONCLUSION

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 150] is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion for Leave to Amend Complaint [ECF No. 105] is **DENIED.** It is

FURTHER ORDERED that Plaintiff's Expedited Unopposed Motion to Stay Briefing and Ruling on Plaintiff's Objection to the Recommendation to Deny Plaintiff's Motion to Amend Complaint While Plaintiff's Motion to Reconsider the Recommendation is Pending [ECF No. 180], is **DENIED AS MOOT.**  It is

FURTHER ORDERED that Plaintiff's Amended Objection to Recommendation to Deny Motion to Amend Complaint and Objection to Order Denying Motion to Reconsider Recommendation to Deny Motion to Amend Complaint [ECF No. 207], is **OVERRULED**.

Dated:  June 29, 2011

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge