IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CHIEF JUDGE WILEY Y. DANIEL

---

Courtroom Deputy: LaDonne Bush          Date:  August 3, 2011
Court Reporter:      Therese Lindblom

---

Civil Action No. 09-cv-01540-WYD-KLM          Counsel:

TIMOTHY POWNELL,                              Barry D. Roseman
                                             Timothy M. Kratz
          Plaintiff,                         Natalie R. Sullivan

v.

CREDO PETROLEUM                              Frederick J. Baumann
CORPORATION,                                 Brett C. Painter
                                             Kristi A. Walton
          Defendant.                         Tamara Goodlette

---

COURTROOM MINUTES

---

TRIAL PREPARATION CONFERENCE

2:05 p.m.      Court in session.

Court's opening remarks.

Discussion regarding jury instructions and exhibits

**ORDERED**:  Counsel shall meet and confer to reach more agreement on jury
                instructions and exhibits.  By August 12, 2011, counsel shall file another
                set of jury instructions and amended exhibit lists.

Discussion regarding the *Daubert* motion.

**ORDERED**:  Ruling on Defendants' Motion in Limine Concerning Testimony from
                Plaintiff's Expert Witness, William Kaempfer (Doc. 217), is deferred until
                the Court hears the expert's testimony outside the presence of the jury.

Discussion regarding dismissal of certain claims.

**ORDERED**:   Any unopposed or joint motion to dismiss shall be filed by August 12, 2011.

Discussion regarding mediation set on August 9, 2011, before Judge Joe Meyer at JAG.

Court instructs counsel to work hard to try to settle the case.

Discussion regarding the admissibility of evidence concerning the bankruptcy of Alford Neely and Nancy Neely.  The issue will be addressed outside the presence of the jury.

Discussion regarding the admissibility of exhibits produced after the discovery cutoff referenced in Defendants' List of Issues and Motions for Resolution (Doc. 235).

**ORDERED**:   Counsel shall meet and meet and confer regarding the admissibility of exhibits produced after the discovery cutoff.  If counsel cannot agree, then a motion *in limine* shall be filed by August 12, 2011, and a response shall be filed within five days thereafter, not to exceed August 17, 2011.

Discussion regarding supplementing the expert's damage calculations pursuant to Rule 26(e).

**ORDERED:**   By August 12, 2011, counsel may supplement matters that relate to expert testimony which do not involve new discovery.

Discussion regarding admissibility of certain settlement communications.

**ORDERED:**   By August 12, 2011, a motion *in limine* pertaining to settlement communications may be filed, and a response shall be filed within five days thereafter, not to exceed August 17, 2011.

Discussion regarding the admissibility of 14 privileged documents produced by RCH Energy Opportunity Fund II, LP.  Court will not permit counsel to file a motion *in limine* on the privileged document issue.  If the issue is raised at trial, the Court will rule on it.

At this time, the Court will not divide the trial time.

Sixteen jurors will be seated.  Each side will have 20 minutes for *voir dire*.  Each side has three peremptory challenges and the case will be tried to a jury of ten.

**ORDERED:**   A statement of the case instruction shall be filed by August 12, 2011.  If the parties cannot agree, two versions shall be filed.

Each side shall have 35 minutes for opening statements.

Discussion regarding the issue of settlement negotiations concerning the wage act claim.

**ORDERED:**  By August 12, 2011, Plaintiff may file an initial brief on the wage act claim issue, and a response shall be filed within five days thereafter, not to exceed August 17, 2011.

Court instructs counsel to talk to Mr. Keech about the format of electronic exhibits required for JERS.

3:10 p.m.      Court in recess.

Hearing concluded.
Time: 1:05